E-FILED
Friday, 03 September, 2004 11:52:28 AM
Clerk, U.S. District Court, ILCD

FILED
SEP - 2 2004
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ERIC D. SIMPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 04- 1305 |
| | ) |
| WALGREEN CO., an Illinois Corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, ERIC D. SIMPLE, and for his Complaint against Defendant WALGREEN COMPANY, states as follows:

1.  This is an action for damages based on an unlawful employment practice committed by Defendant, WALGREEN COMPANY, and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, Section 706(f), [42 U.S.C. §2000e-5(f)].

2.  The claims asserted in this complaint arose in the above-described district and division. Plaintiff is a citizen of the United States, and is, and was, a resident of the County of McLean, State of Illinois.

3.  Defendant is an Illinois corporation licensed to do business in the County of McLean, State of Illinois.

4.  Plaintiff brings this action pursuant to the provisions of Title VII of the Civil Rights Act of 1964, Section 703(a)(1) [42 U.S.C. 2000e-2(a)(1)(2)], Section 706(g), [42 U.S.C. §2000e-5(g)], and Section 102 of the 1991 Civil Rights Act, for damages to compensate him for the economic loss and other damages caused by defendant's unlawful employment practice committed

1

against plaintiff because of plaintiff's African-American Race.

5.  Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on or about February 12, 2004, charging defendant with specific acts of discrimination, thus complying with Section 706(b) of Title VII of the Civil Rights Act of 1964. The charge of discrimination was filed with EEOC within 300 days after the unlawful employment practice occurred. The defendant's practice in violation of Title VII of the Civil Rights Act of 1964 continued to occur with respect to plaintiff, and others, up until and after, June 7, 2004, the date EEOC issued its Right To Sue letter. These occurrences are sufficient to satisfy the jurisdictional pre-requisites of Section 706(d) (42 U.S.C. §2000[e]-5[d]).

6.  On or about June 11, 2004, plaintiff received notice in the form of a written letter pursuant to Section 706(e) of Title VII from EEOC which gave plaintiff notice of the right to institute civil action within ninety (90) days after receipt of notice.

7.  Defendant employees approximately 120 employees at its facility located in the Bloomington/Normal market, County of McLean, State of Illinois, of which approximately 12 are African-American.

8.  Plaintiff was hired by defendant on or about April 26, 1995. At all times during plaintiff's employment with the defendant, plaintiff was, and has been, a resident of the County of McLean, State of Illinois. Plaintiff was first employed as an assistant manager at the company facility in New Lennox, Illinois.

9.  On March 5, 1997, plaintiff was transferred to a company store in Normal, Illinois. On April 7, 1999, plaintiff was promoted to Executive Assistant Manager (EXA) which is the predicate position to becoming a store manager.

1:04-cv-01305-MMM-JAG    # 1    Page 3 of 6

10. Since about April of 1999, plaintiff has made it known to defendant, through its district manager, Mike Palmer, white-male, that he wanted to be the store manager of one of its facilities in the Bloomington/Normal market area. Plaintiff was informed that he would be a "good fit" for only three stores in the district, all primarily serving a low income African-American community.

11. Defendant's method of selecting employees for store managers is a primary source discrimination that has resulted in an unfair denial of advancement opportunities to employees who are African-American. The district manager make the selection on the basis of subjective analysis of work performance. No objective standards are used for this purpose. The method of selecting employees for store manager constitutes a self perpetuating situation in which African-Americans are seldom, if ever, objectively considered for promotion to store manager except in markets serving primarily African American communities.

12. In October, 2003, plaintiff was rejected for a store manager job at a newer facility with substantive volume potential, in Pontiac, Illinois, while a less qualified caucasian employee was selected for the position. Plaintiff was told he was passed over for the promotion because Pontiac was not ready for an African-American store manager.

13. Plaintiff's record of employment is good and indicates a consistent pattern on behalf of plaintiff to improve himself and to establish his qualifications for advancement. Plaintiff's work record clearly indicates that he is qualified to be a store manager. Yet, due to the inherently discriminatory system of selection for store manager by defendant, plaintiff has not received the same consideration for promotion as non-African-American employees.

14. Due to defendant's wrongful job assignment plaintiff has been ignored for

3

consideration to be store manager while caucasian employees with less seniority and education, and with no higher qualifications than plaintiff, were regularly promoted to said position. As a result thereof, plaintiff became increasingly dissatisfied with his job and has made complaints to his supervisors, who have failed and refused to consider plaintiff's grievances.

15. As a direct and proximate result of defendant's acts, plaintiff has suffered great and irreparable economic and other loss. Plaintiff has devoted a substantial portion of his work life to the employment of defendant. Plaintiff has also suffered great economic harm in that for the years he has been employed by defendant this job advancement policy resulted in a continuing discrimination, despite plaintiff's efforts to achieve and advance.

16. Because of the damages sustained, plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, emotional pain, mental anguish, inconvenience, embarrassment and humiliation, pursuant to the provisions of Title VII, Civil Rights Act of 1964, Section 706(g) [42 U.S.C. §2000e-5(g)] and including compensatory and punitive damages under Section 102 of the 1991 Civil Rights Act.

WHEREFORE, plaintiff requests:

A. That the Court enjoin defendant's continuing and unlawful employment practice.

B. That the Court grant plaintiff a judgment against defendant for lost wages and benefits, together with such other relief as the Court deems appropriate.

C. That the Court award plaintiff's reasonable attorney's fees.

D. That the Court award the plaintiff costs and such other and further relief as appears just and equitable in the circumstances.

E. That the Court award plaintiff compensatory and punitive damages for emotional

4

stress, mental anguish, embarrassment, humiliation and inconvenience as provided in Section 102(a)(1) and (b)(3) of the 1991 Civil Rights Act.

Respectfully submitted,

_Eric D. Simple_
ERIC D. SIMPLE, Plaintiff

PLAINTIFF DEMANDS TRIAL BY JURY

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF PEORIA     )

I, ERIC D. SIMPLE, being first duly sworn upon oath, depose and say that I am the plaintiff named in the foregoing complaint, that I have read said complaint and fully understand its contents, and the matters alleged therein are true and correct.

_Eric D. Simple_
ERIC D. SIMPLE

SUBSCRIBED AND SWORN to before me,
a Notary Public in and for the aforesaid County and State,
this <u>2nd</u> day of <u>September</u>, 2004.

_Joana K. Thomas_
NOTARY PUBLIC

"OFFICIAL SEAL"
JOANA K THOMAS
COMMISSION EXPIRES 10/17/07

ERIC D. SIMPLE
1305 Plantation Lane
Bloomington, Illinois 61704
(309) 663-7189 Telephone

5

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

04-1305

RECEIVED SEP - 2 2004 U.S. CLERK'S OFFICE PEORIA, ILLINOIS

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** ERIC D. SIMPLE

**DEFENDANTS** WALGREEN CO., an Illinois corporation

**(b)** County of Residence of First Listed Plaintiff: McLean
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: McLean
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury—Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury—Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 330 Federal Employers' Liability | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 340 Marine / PERSONAL PROPERTY | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability / 370 Other Fraud | 690 Other | | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 350 Motor Vehicle / 371 Truth in Lending | LABOR | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | 360 Other Personal Injury / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | [X] 442 Employment | Habeas Corpus: | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | 740 Railway Labor Act / 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) |
| 245 Tort Product Liability | [X] 440 Other Civil Rights | 540 Mandamus & Other / 550 Civil Rights | 791 Empl. Ret. Inc. Security Act | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | | 555 Prison Condition | | | 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Title VII of the Civil Rights Act of 1964, Section 703(a)(1) [42 U.S.C. 2000e-2(a)(1)(2)], Section 706(g), [42 U.S.C. §2000e-5(g)], and Section 102 of the 1991 Civil Rights Act, for damages to compensate him for the economic loss and other damages caused by Defendant's unlawful employment

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ___ DOCKET NUMBER ___

DATE: September 2, 2004

SIGNATURE OF ATTORNEY OF RECORD: Eric D. Simple

**FOR OFFICE USE ONLY**

RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___