**E-FILED**
Wednesday, 29 September, 2004  02:41:43 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ERIC D. SIMPLE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 04-1305 |
| WALGREEN CO., an Illinois Corporation, | ) ) ) |
| Defendant. | ) ) |

### ANSWER TO COMPLAINT, JURY DEMAND AND AFFIRMATIVE DEFENSE

COMES NOW the defendant, WALGREEN CO., an Illinois Corporation, by and through its attorneys, HINSHAW & CULBERTSON LLP, and for its Answer to the Complaint states as follows:[1]

1. This is an action for damages based on an unlawful employment practice committed by Defendant, WALGREEN COMPANY, and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, Section 706(f), [42 U.S.C. §2000e-5(f)].

**ANSWER:** **Admitted, although the defendant denies that it committed any unlawful employment practice or that the plaintiff is entitled to relief.**

2. The claims asserted in this complaint arose in the above-described district and division. Plaintiff is a citizen of the United States, and is, and was, a resident of the County of McLean, State of Illinois.

**ANSWER:** **Admitted.**

---

[1] For the convenience of the court and the parties the allegations contained in the complaint are repeated.

3. Defendant is an Illinois corporation licensed to do business in the County of McLean, State of Illinois.

**ANSWER:** **The defendant admits that it is an Illinois corporation. The defendant lacks knowledge or information sufficient to form a belief as to the meaning of the phrase "licensed to do business in the County of McLean, State of Illinois."**

4. Plaintiff brings this action pursuant to the provisions of Title VII of the Civil Rights Act of 1964, Section 703(a)(1) [42 U.S.C. 2000e-2(a)(1)(2)], Section 706(g), [42 U.S.C. §2000e-5(g)], and Section 102 of the 1991 Civil Rights Act, for damages to compensate him for the economic loss and other damages caused by defendant's unlawful employment practice committed against plaintiff because of plaintiff's African-American Race.

**ANSWER:** **The defendant admits that the plaintiff has brought a claim pursuant to Title VII of the Civil Rights Act of 1964. The defendant denies that it has committed any unlawful employment practice or that the plaintiff is entitled to relief under Title VII or otherwise.**

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on or about February 12, 2004, charging defendant with specific acts of discrimination, thus complying with Section 706(b) of Title VII of the Civil Rights Act of 1964. The charge of discrimination was filed with EEOC within 300 days after the unlawful employment practice occurred. The defendant's practice in violation of Title VII of the Civil Rights Act of 1964 continued to occur with respect to plaintiff, and others, up until and after, June 7, 2004, the date EEOC issued its Right to Sue letter. These occurrences are sufficient to satisfy the jurisdictional pre-requisites of Section 706(d) (42 U.S.C. §2000[e]-5[d]).

**ANSWER:** **The defendant admits that the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about February 12, 2004. The defendant further admits that on or about June 7, 2004, the EEOC issued a Right to Sue Letter. The defendant denies the remaining allegations contained in Paragraph 5.**

6. On or about June 11, 2004, plaintiff received notice in the form of a written letter pursuant to Section 706(e) of Title VII from EEOC which gave plaintiff notice of the right to institute civil action within ninety (90) days after receipt of notice.

**ANSWER:** **The defendant lacks knowledge or information sufficient to form a belief as to the date the plaintiff received notice from the EEOC of the plaintiff's right to sue.**

7. Defendant employees approximately 120 employees at its facility located in the Bloomington/Normal market, County of McLean, State of Illinois of which approximately 12 are African-American.

**ANSWER:** **The defendant lacks knowledge as to what the defendant means by the term "its facility" and therefore denies the allegations contained in Paragraph 7.**

8. Plaintiff was hired by defendant on or about April 26, 1995. At all times during plaintiff's employment with defendant, plaintiff was, and has been, a resident of the County of McLean, State of Illinois. Plaintiff was first employed as an assistant manager at the company facility in New Lenox, Illinois.

**ANSWER:** **Admitted.**

9. On March 5, 1997, plaintiff was transferred to a company store in Normal, Illinois. On April 7, 1999, plaintiff was promoted to Executive Assistant Manager (EXA) which is the predicate position to becoming a store manager.

**ANSWER:** **Admitted.**

10. Since about April of 1999, plaintiff has made it known to defendant, through its district manager, Mike Palmer, white-male, that he wanted to be the store manager of one of its facilities in the Bloomington/Normal market area. Plaintiff was informed that he would be a

3

"good fit" for only three stores in the district, all primarily serving a low income African-American community.

**ANSWER:** **The defendant admits that since April 1999, the plaintiff has made it known to the defendant that he wished to be a store manager for the defendant in the Bloomington/Normal area. The defendant denies the remaining allegations contained in Paragraph 10.**

11.     Defendant's method of selecting employees for store managers is a primary source discrimination that has resulted in an unfair denial of advancement opportunities to employees who are African-American. The district manager make the selection on the basis of subjective analysis of work performance. No objective standards are used for this purpose. The method of selecting employees for store manager constitutes a self perpetuating situation in which African-Americans are seldom, if ever, objectively considered for promotion to store manager except in markets serving primarily African American communities.

**ANSWER:** **Denied.**

12.     In October, 2003, plaintiff was rejected for a store manager job at a newer facility with substantive volume potential, in Pontiac, Illinois, while a less qualified caucasian employee was selected for the position. Plaintiff was told he was passed over for the promotion because Pontiac was not ready for an African-American store manager.

**ANSWER:** **The defendant admits that in October 2003, the plaintiff was not promoted to the store manager's position in Pontiac, Illinois. The defendant denies the remaining allegations contained in Paragraph 12.**

13.     Plaintiff's record of employment is good and indicates a consistent pattern on behalf of plaintiff to improve himself and to establish his qualifications for advancement. Plaintiff's work record clearly indicates that he is qualified to be a store manager. Yet, due to the

inherently discriminatory system of selection for store manager by defendant, plaintiff has not received the same consideration for promotion as non-African-American employees.

> **ANSWER:** **The defendant admits that the plaintiff's performance ratings were good and that plaintiff was qualified to be a store manager. The defendant denies the remaining allegations contained in Paragraph 13.**

14. Due to defendant's wrongful job assignment plaintiff has been ignored for consideration to be store manager while caucasian employees with less seniority and education, and with no higher qualifications than plaintiff, were regularly promoted to said position. As a result thereof, plaintiff became increasingly dissatisfied with his job and has made complaints to his supervisors, who have failed and refused to consider plaintiff's grievances.

> **ANSWER:** **The defendant admits that the plaintiff has made complaints to his supervisors regarding his non-promotion to store manager. The defendant denies the remaining allegations contained in Paragraph 14.**

15. As a direct and proximate result of defendant's acts plaintiff has suffered great and irreparable economic and other loss. Plaintiff has devoted a substantial portion of his work life to the employment of defendant. Plaintiff has also suffered great economic harm in that for the years he has been employed by defendant this job advancement policy resulted in a continuing discrimination, despite plaintiff's efforts to achieve and advance.

> **ANSWER:** **Denied.**

16. Because of the damages sustained, plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to, lost wages, emotional pain, mental anguish, inconvenience, embarrassment and humiliation, pursuant to the provisions of Title VII, Civil Rights Act of 1964, Section 706(g) [42 U.S.C. §2000e-5(g)] and including compensatory and punitive damages under Section 102 of the 1991 Civil Rights Act.

**ANSWER:** **Denied.**

WHEREFORE, the defendant requests that the court dismiss the complaint and grant such relief as the court determines just and proper.

THE DEFENDANT DEMANDS TRIAL BY A JURY.

### AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate his damages by accepting a position from the defendant substantially identical to the one for which he claims discrimination.

WALGREEN CO., an Illinois Corporation,

By: HINSHAW & CULBERTSON LLP


 s/ L. Lee Smith
L. Lee Smith
One of Its Attorneys

HINSHAW & CULBERTSON LLP
456 Fulton Street, Suite 298
Peoria, IL 61602-1220
309-674-1025

80172869v1 846495

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 29, 2004, a copy of the foregoing document was served upon the following counsel by:

__X__  Enclosing it in an envelope, properly addressed as indicated below, with first-class postage prepaid at Peoria, Illinois;

_____  Facsimile transmission;

_____  Personal service


Eric D. Simple  
Pro Se  
1305 Plantation Lane  
Bloomington, IL  61704  
(309) 663-7189


              s/ Julie Harbison

80172869v1 846495