**E-FILED**
Friday, 03 February, 2006  09:46:58 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ERIC D. SIMPLE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 04-1305 |
| WALGREEN CO., an Illinois Corporation, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

COMES NOW the defendant, WALGREEN CO., an Illinois Corporation, by and through its attorneys, HINSHAW & CULBERTSON LLP, and in support of its motion for entry of a Protective Order submits the following Memorandum of Law.

Federal Rule of Civil Procedure 26(c)(7) provides that the court may, with good cause shown, enter a Protective Order where justice requires in order to protect a party or person from the disclosure of confidential commercial information.  To obtain a Rule 26(c)(7) protective order, the moving party must first establish that the interest for which protection is sought is an actual trade secret or confidential commercial information and second that there is good cause for the protective order.  *Andrew Corp. v. Rossi,* 180 F.R.D. 338 (N.D.Ill., 1998).  For purported confidential business information, the good cause standard requires a showing that disclosure will cause the business a "clearly defined and very serious injury."  *Alexander Housing LLC v. International Brotherhood of Electrical Workers,* 2004 WL 1718654 (N.D.Ill. 2004) citing *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 340 (N.D.Ill. 1998).

The plaintiff, an employee of the defendant, has alleged that as a result of unlawful discrimination he was denied promotion to a store manager's job.  The store manager's income is

determined in part by the store's profitability. During the course of discovery, the defendant produced certain financial records and other information concerning the profitability of the defendant's stores. The documents produced are private, sensitive and confidential in nature. The contents of these documents are not available to the public or even to other Walgreen's employees. This information if disclosed, would clearly be valuable information for the defendant's competitors and would result in serious injury to the defendant. Further, the proposed protective order is also in the plaintiff's best interest as he has provided confidential medical information.

To protect the confidentiality of the documents and their contents, the defendant seeks a Protective Order governing the use of this confidential information, protecting it from improper disclosure. A proposed Protective Order is attached as Exhibit A. There will be no prejudice to the plaintiff if a Protective Order is entered to ensure that the confidential information will not be disclosed or disseminated except as set forth in the attached Protective Order.

A certification of an unsuccessful but good faith attempt by defendant's counsel to resolve this matter pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is attached hereto as Exhibit B.

WHEREFORE, Defendant requests that this Honorable Court enter the attached Protective Order to ensure that the confidential information produced will not be disclosed to anyone outside this litigation.

WALGREEN CO., an Illinois Corporation,

By: HINSHAW & CULBERTSON LLP

s/L. Lee Smith
L. Lee Smith
One of Its Attorneys
HINSHAW & CULBERTSON LLP
456 Fulton St., Suite 298
Peoria, IL  61602
309-674-1025

**CERTIFICATE OF SERVICE**

  I hereby certify that on **February 3, 2006**, I electronically filed this **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nile J. Williamson
Attorney at Law
411 Hamilton Blvd., Suite 1926
Peoria, IL  61602

 s/L. Lee Smith
Attorneys for Defendant
L. Lee Smith
HINSHAW & CULBERTSON LLP
456 Fulton St., Suite 298
Peoria, IL  61602
309-674-1025

80208061v1 846495