E-FILED
Friday, 03 February, 2006  09:47:19 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ERIC D. SIMPLE, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No.  04-1305 |
| WALGREEN CO., an Illinois Corporation, | ) |
|       Defendant. | ) |

**PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c) and Local Rules 26.2 and 26.3, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' and their employee's information during and after the course of this litigation. Accordingly, IT IS HEREBY ORDERED THAT:

**A.** **Definition of "Confidential Information."**

    1. The term "Confidential Information" shall include all information, documents and other materials revealed or disclosed during the proceedings and trial of the above matter that are designated as "Confidential Information" in the manner set forth in this Protective Order. "Confidential Information" shall mean material that, in the good faith opinion of the party or third party providing such discovery ("the producing party"), contains any personnel records, financial documents, medical records, and other confidential information which is maintained as confidential.

    2. Except as specifically authorized by this Court, Confidential Information shall not be disclosed or revealed to anyone not authorized by this Protective Order to receive such material and shall be used only for the purpose of preparing for or conducting this litigation.

80191628v1 846495

Confidential Information designated as such in accordance with this Protective Order, shall be maintained in confidence by the party or attorney to whom such material is produced and shall be disclosed or made available only to persons specified in paragraph 7 of this Protective Order.

**B.    Designation of Confidential Information.**

3.    Any document produced by a party in this litigation may be designated as Confidential Information by marking it CONFIDENTIAL or CONFIDENTIAL–SUBJECT TO PROTECTIVE ORDER on the face of the document at or prior to the time of production.  In lieu of marking the original of a document which contains Confidential Information prior to production, counsel for the producing party may orally or in writing designate such documents being produced as containing Confidential Information, thereby making them subject to this Order.

4.    Testimony or information disclosed at a deposition may be designated by a producing party as Confidential Information by indicating on the record at the deposition the specific testimony which contains Confidential Information that is to be made subject to the provisions of this Order.  Alternatively, a producing party may designate testimony or information disclosed at a deposition as Confidential Information in accordance with this Protective Order by notifying the opposing party in writing, within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which contain Confidential Information.  Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.  Whether or not designation is made at the time of a deposition, all depositions shall be treated as Confidential Information from the taking of the deposition until thirty (30) days after the receipt of the transcript, or until receipt of the notice referred to in this paragraph, whichever occurs sooner.

5. In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda or other papers filed with the Court, information contained therein may be designated as Confidential Information by prominently marking such paper CONFIDENTIAL or CONFIDENTIAL– SUBJECT TO PROTECTIVE ORDER.

**C.    Use of Confidential Information.**

6. Except upon the prior written consent of the producing party, or upon further Order of this Court, Confidential Information shall be treated strictly in accordance with the provisions of this Protective Order and may be used or disclosed only as specified in this Protective Order.

7. Access to Confidential Information shall be limited to:

(a)    the Court and its officers;

(b)    the plaintiff;

(c)    counsel for the parties, whether retained counsel or in-house counsel;

(d)    employees of counsel;

(e)    the defendant's District Manager for the Illinois North District,

(f)    independent experts who are employed to furnish expert or technical services or to give expert testimony with regard to this action. As a condition precedent to disclosure of Confidential Information to an independent expert, the expert must: acknowledge receipt and understanding of this Protective Order; agree to be bound thereby; to use such information and materials solely for this litigation; not to disclose any such information or materials to any other person, firm, or concern; and never to use any of the information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so. Each such independent expert shall execute a declaration acknowledging the foregoing, in the form annexed hereto.

(g) Duplicating services, and auxiliary services of a like nature, routinely engaged by counsel;

(h) The producing party and any person to whom the producing party provides access to the material.

8. Confidential Information may be disclosed to a witness in the course of the preparation for or taking of his or her deposition or trial testimony in this action. Confidential Information may be disclosed to a third party witness only if the deponent is reasonably believed to be already familiar with such Confidential Information. If filed, a deposition which contains Confidential Information, either in testimony or exhibits, shall be redacted prior to being filed with the Clerk of the Court or alternatively, the party proposing to file the deposition shall inform the other party of its intention to file the information at least ten days prior.

9. Confidential Information may be used or submitted to the Court in connection with any filing or proceeding in this litigation, however the party intending to use such Confidential Information shall provide at a minimum, ten days notice to the other party prior to causing of any material designated as Confidential to be filed with the Court.

10. Nothing in this Order shall prevent a party from using any information or materials designated as Confidential Information during trial, a hearing, or the like. However, the party using such information or material must provide the other party with at least ten days notice, at a minimum, before the information or material designated as confidential information is used.

11. All documents, information or materials, whether or not containing Confidential Information, obtained from a producing party pursuant to pretrial discovery in this action may be used and disclosed only for purposes of this action. No party or person shall make any other use

of any such documents, information or materials, including, but not limited to, use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by order of the Court.

12. In the event any of the parties (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by a person not a party to this litigation, and is requested to produce or otherwise disclose material that was designated as Confidential Information by another party to this litigation, the party subpoenaed or served as referred to in this paragraph shall object to the production of the Confidential Information and shall give written notice to the other parties to this litigation with sufficient time to afford the other party an opportunity to intervene. The notice shall include a copy of any such subpoena, demand, or other process. Should the person seeking access to the Confidential Information take action against the party covered by this Protective Order to enforce such a subpoena, demand, or other legal process, it shall respond by setting forth the existence of this Protective Order and provide notice to the other party to this litigation of such action with sufficient time to afford the other party an opportunity to intervene. Nothing in this Order shall be construed as requiring the party covered by this Protective Order to challenge or appeal any order requiring production of Confidential Information covered by this Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

13. Nothing herein shall be construed (a) as preventing any party from using or continuing to use any information that, at the time of disclosure, is publicly known through no unauthorized act of such party, or (b) as preventing a party from continuing to use any information known or used by it if such information was lawfully obtained by the party other

than through discovery of the producing party. Should a dispute arise as to any specific information or materials, the burden shall be upon the party claiming that such information or material is or was publicly known or was lawfully obtained other than through discovery of the producing party.

14. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like designated as Confidential Information is in fact confidential, attorney-client privileged, or a trade secret; or (b) with respect to the competency, relevance or materiality of any such information, document or the like.

15. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the producing party of any information as Confidential Information, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving same. Unless and until such a showing is made to the satisfaction of the Court, the information shall continue to be treated as designated by the producing party.

16. Nothing in this Protective Order shall bar or otherwise restrict any attorney for the parties from rendering advice to his or her client with respect to this litigation. In the course of doing so, said attorney may generally rely upon his or her examination of Confidential Information, but shall not disclose the contents of Confidential Information to persons not authorized to receive such Confidential Information pursuant to this Protective Order.

17. The inadvertent or unintentional failure by a producing party to designate specific documents or materials as containing Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

18. Nothing in this Protective Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules or the doctrines of attorney-client privilege or attorney work product. The parties agree that the inadvertent production of a document protected by the attorney-client privilege or the attorney work-product doctrine shall not create a waiver of the attorney-client privilege or work-product immunity. Should a producing party determine that a document subject to privilege or immunity from discovery had been produced inadvertently, it shall bring it to the attention of the requesting party. The requesting party shall return such document (and any copies thereof) and treat the document as privileged or subject to work product protection as of its date of designation.

19. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the producing party of Confidential Information consents in writing or on the record to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

20. Within sixty (60) days after the conclusion of this action, all documents, objects, and other materials produced or designated as Confidential Information, and all reproductions thereof, shall be returned to the producing party or shall be destroyed, at the option of counsel in possession of such copies. However, counsel for each party may retain a complete set of all papers filed with the Court, deposition transcripts, trial transcripts, and exhibits to each of these documents. Insofar as the provisions of this and any other Protective Order entered in this action

restrict the communication and use of information produced thereunder, such Protective Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to dissolution or modification of any such Protective Order.

21. The terms of this Protective Order shall be applicable to any third party who produced information which is designated by such third party or a party hereto as Confidential Information. Nothing in this paragraph permits a party to designate as Confidential Information any information produced by a third party which that third party did not itself designate as Confidential Information.

22. This Protective Order is without prejudice to the right of either party to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.

23. This Order shall survive the final conclusion of this litigation and continue in full force and effect and the Court shall retain jurisdiction to enforce this Protective Order.

SO ORDERED this _____ day of _____, 2006.

_____
United States District Judge

80191628v1 846495

## **ACKNOWLEDGEMENT**

      I acknowledge that I have been provided with certain information that falls within the scope of a Protective Order entered on _____, 2006, by the Court in the matter of *Eric Simple v. Walgreen Co.*, Case No. 04-13-5.  I have been provided with a copy of the Protective Order and have read and understand its contents.  I agree to be bound by the terms of the Protective Order, to use the information and materials provided to me solely for this litigation, not to disclose any of the information or materials, directly or indirectly, in competition with the party that disclosed them, nor will I allow any other person to do so.

Date: _____     _____
                                                     Signature

                                                     _____
                                                     Print name

80191628v1 846495