IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC D. SIMPLE, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | )  CASE NO. 04-1305 |
| | ) |
| WALGREEN CO., an Illinois Corporation, | ) |
| | ) |
| DEFENDANT. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION OF MOTION FOR
PROTECTIVE ORDER**

**BACKGROUND**

On February 3, 2006, defendant filed its Motion and Memorandum in Support of Motion for Protective Order relating to various documents to be passed in discovery in the above captioned cause. The memorandum only identified one source of documents: i.e., the defendant produced certain financial records and other information concerning the profitability of defendant's stores. (Memorandum, page 2) Defendant claims that those documents produced were private, sensitive and confidential in nature and not available to members of the public or even to other Walgreen's employees.[1] (Memorandum, page 2) Additionally, the memorandum eluded to the fact that plaintiff has or will produce various medical records relating to plaintiff's care and treatment in the litigation. For purposes of this memorandum, plaintiff now states that he does not seek a protective order as to his own medical records which have been or will be produced by himself or by third party providers. Additionally, plaintiff's counsel notes that the protective order attached to the motion provides in paragraph 1 that the term

---

[1] Presumably, all documents were made available to relevant federal and state taxing bodies, some of which were public record.

"confidential information" refers to **all** (emphasis added) information, documents and other materials revealed or disclosed during the proceedings and trial of the above captioned matter. No attempt is made by the defendant or defendant's counsel to limit the confidential materials solely to the financial information described in its supporting memorandum. The protective order thereafter lists numerous constraints and restrictions upon plaintiff and his counsel for the dissemination, use and handling of any such confidential material. Plaintiff and his counsel believe that the protective order is not only unnecessary in substance but totally unsupported by current case law.

**RELEVANT CASE LAW**

In Plair v. E. J. Brach & Sons, Inc., 1996 U.S. Dist. Lexis 1728 (N.D. IL, Eastern Division 1996) the court discussed the parameters of protective orders. On page 4 of its opinion it noted the Seventh Circuit's inclination to deny blanket protective orders:

> However, there are such means other that blanket protective orders to protect the identity of non-litigants, such as coding documents and pleadings for identification purposes before filing them in the public record. See, e.g. Isaacson, 1992 U.S. Dist. Lexis 15539, 1992 WL 297391, at 5 In In re Krynicki, 983 F.2d 74 (7th Cir. 1992), the Seventh Circuit stressed that confidentiality orders must be narrowly tailored. "Confidentiality while information is being gathered not only protects trade secrets but also promotes disclosure… Information that is used at trial or otherwise becomes the basis of decision enters the public record." Id. at 75. The court reasoned:

>> What happens in the halls of government is presumptively open to public scrutiny. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat; this requires rigorous justification.

> Hence, blanket protective orders permitting all documents to be designated confidential are generally not appropriate. Id at 76-78.

Defendant Walgreen's has submitted precisely the type of blanket protective order that the Seventh Circuit and district courts of this circuit have prohibited-blanket protective orders while at the same time maintaining that the only documents that should be protected by a protective order are financial statements.[2]

A recent ruling also provides parameters as to a basis for the submission of earning statements or financial records of non-party employees. In Smith v. City of Chicago, 2005 U.S. Dist. Lexis 26454 (N.D. IL Eastern, Division 2005), on pages 4 and 5 of its opinion, the court stated as follows:

> Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders. Rule 26(c) provides that "for good cause shown, the court…may take any order which justice requires to protect a party…from annoyance [and] embarrassment… ." See also Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984) (recognizing that although Rule 26(c) does not contain a specific reference to privacy, it is "implicit in the broad purpose and language of the Rule.") The relevancy of the information to the litigation should be considered in making the good cause determination. Information important to the litigation is less likely to be subject to confidentiality restrictions. See Baxter International, Inc. v. Abbott Laboratories, 297 F.3d 544, 546 (7th Cir. 2002). (stating "very few categories of documents are kept confidential once their bearing on the merits of a suit have been revealed."). The Seventh Circuit has explained: "Many litigants would like to keep confidential the salary they make, the injuries they suffered or the price they agreed to pay under a contract, but when these injuries are vital to claims made in litigation they must be revealed." Id. at 547; see also Union Oil v. Leavell, 220 F.3d 562, 567 (7th Cir. 2000) (recognizing that an executive's salary would not be entitled to confidential treatment "if a dispute erupted about payment (or termination).").
>
> Courts have recognized that non-parties have valid privacy concerns regarding public disclosure of their personnel information. Knoll v. American Telephone & Telegraph Co., 176 F.3d 359, 365 (6th Cir. 1999) (stating that "it is clear that [the employer] defendants had a valid interest in the privacy of nonparty personnel files… ."); Gehring v. Case Corp. 43 F.3d 340, 342 (7th Cir. 1994) (stating disclosure of non-party employees' personnel files "would invade the privacy of other employees."). On the other hand, "there may well be information in a typical personnel file… which is not sensitive and does not implicate legitimate privacy interests, e.g. an employee's job title, job description, hiring date, assigned work location." Vearling v. Bensalem Township School Dist., 1996 U.S. Dist. Lexis 3171, 1996 WL 119984, paragraph 1 (E.D. Pa. March

---

[2] As already indicated, plaintiff waives any claim or privilege with the respect to protective orders that he may have in his own medical records or medical records supplied by third party providers.

3

18, 1996.) It is also clear that what happens in the federal courts "is presumptively open to public scrutiny." Krynicki v. Lopachich, 983 F.2d 74, 75 (7th Cir. 1992). "Judges deliberate in private but issue public decisions after public arguments based on public records… . Any step that withdraws as element of the judicial process from public view makes the ensuring decision look more like fiat; this requires rigorous justification." Id. Admittedly, there is a stronger argument for public access to dispositive documents, but the public's right of access to court proceedings and documents applies to discovery materials used in pretrial, nondispositive motions as well. Citizens, 178 F.3d at 945 (stating that the public has "an interest in what goes on at all stages of a judicial proceedings."); Baxter, 297 F.3d at 546.

While plaintiff's counsel admits that these quotes are relatively long, it was believed necessary to use the entire quotes to cover the gambit of consideration as to why a protective order should not be issued in this case.

The Smith court went on to hold that because overtime records/reports and any other payroll records which related to the overtime/supplemental pay information were central to plaintiff's lawsuit, they should not be governed by a protective order because of the publics' right to such information.

 In this case, Walgreen's seeks to have a protective order entered as to all documents produced without regard to the financial records it discusses in its memorandum. This request is both inappropriate and contrary to current case law in the Seventh Circuit. In addition, as to the financial records themselves, it would appear that current case law provides that such financial records should not be governed by a protective order because one of the central allegations of Simple's lawsuit is that he is being paid less money than a person who was promoted to the store manager's position in Pontiac and that he is being paid less money in his current position as related to a person in a similar position employed by Walgreen's in the Chicago area. Thus, all financial records sought to be protective by Walgreen's are essential issues in Simple's lawsuit and

again in accordance with Seventh Circuit case law should not be governed by a protective order.

**CONCLUSION**

For the foregoing reasons and others implicit therein, plaintiff prays that the motion for protective order be denied in its entirety.

                              RESPECTFULLY SUBMITTED,

                              s/Nile J. Williamson
                              NILE J. WILLIAMSON
                              ATTORNEY FOR PLAINTIFF
                              1926 ASSOCIATED BANK PLAZA
                              PEORIA, ILLINOIS 61602-1104
                              TELEPHONE: (309) 677-5950
                              FAX: (309) 677-5952
                              E-MAIL: nilew@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2006, I electronically filed the foregoing **Plaintiff's Memorandum in Opposition of Motion for Protective Order** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Mr. L. Lee Smith  
Hinshaw & Culbertson, LLP  
456 Fulton Street, Suite 298  
Peoria, Illinois 61602-1220

s/Nile J. Williamson  
NILE J. WILLIAMSON  
ATTORNEY AT LAW  
1926 ASSOCIATED BANK PLAZA  
PEORIA, ILLINOIS 61602-1104  
TELEPHONE: (309) 677-5950  
FAX: (309) 677-5952  
E-MAIL: nilew@aol.com
