E-FILED
Friday, 05 May, 2006  04:53:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ERIC D. SIMPLE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 04-1305 |
| WALGREEN CO., an Illinois Corporation, | ) |
| Defendant. | ) |

### MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

COMES NOW the defendant, WALGREEN CO., an Illinois Corporation, by and through its attorneys, HINSHAW & CULBERTSON LLP, and for its Memorandum in Support of Motion for Protective Order, states as follows:

### INTRODUCTION

The plaintiff, an employee of the defendant, has brought a claim of employment discrimination, claiming that in 2003 he was passed over a promotion to a store manager's job in Pontiac, Illinois, because he was African-American. The plaintiff worked at another Walgreen's store as an executive assistant store manager at the time, a position one step below a store manager's position. The Pontiac store manager's position was awarded to a white female, who was also an executive assistant store manager. The promotion decision was made by the defendant's district manager, Mike Palmer.

The plaintiff has asked to take the deposition of the defendant's in-house attorney, Rachel Ablin. Ms. Ablin had no involvement in the decision to fill the Pontiac store manager's position. After the plaintiff filed his Charge of Discrimination with the United States Equal Employment Opportunity Commission, Ms. Ablin was involved in Walgreen's internal investigation of the

80214766v1 846495

Charge and in collecting and providing responsive information to EEOC. In addition, she has participated with the undersigned counsel in the litigation of this case by collecting documents, interviewing witnesses, and assisting the undersigned counsel, although she has not formally entered her appearance.

The undersigned counsel for the defendant has attempted to determine the subjects on which Ms. Ablin is to be deposed. Attached is a certification from counsel for the defendant that he has conferred with plaintiff's counsel in an unsuccessful effort to resolve the dispute over Ms. Ablin's deposition without filing this motion and that plaintiff's counsel has declined to provide the reasons why he wishes to take her deposition.

## ARGUMENT

Fed. R. Civ. P. 26(c) provides that upon motion by a party, the court may enter a protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The order may provide that the discovery not be had or that it be had only on specified terms and conditions.

The leading case on attempted depositions of in-house counsel is *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1987). The plaintiff in that case brought a product liability case against an automobile manufacturer and attempted to depose the defendant's in-house counsel, primarily inquiring into the existence or non-existence of various documents regarding the vehicle in dispute. The in-house counsel refused to provide responsive information, asserting the work-product doctrine and the attorney-client privilege, and the court imposed a default judgment against the defendant. The Eighth Circuit reversed, and set forth procedures for when it would be appropriate to take the deposition of opposing counsel. Preliminarily, the court said that it viewed "the increasing practice of taking opposing counsel's deposition as a negative

development" and "one that should be employed only in limited circumstances." *Id*. at 1327. The court further explained:

> Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but is also adds to the already burdensome time and cost of litigation. It is not hard to imagine additional pretrial delays to resolve work-produce and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony . . . Counsel should be free to devote his or her time and efforts to preparing the counsel's case without fear of being interrogated by his or her opponent. Moreover, the "chilling effect" that such practice will have on the truthful communications from the client to the attorney is obvious.

*Id.* Accordingly, the court held that before opposing counsel may be deposed, the party seeking to take the deposition must show that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Id*. The *Shelton* court also held that in-house counsel's selection and compilation of documents was protected by the work-product doctrine. *Id.* at 1329. Several district courts have adopted the *Shelton* approach, and to prevent potential harassment have required the deposing party to preliminarily show its need for the deposition. *See Kiser v. Mutual Life Insurance Co.*, 161 F.R.D. 378 (S.D. Ind. 1994) (unique character of counsel depositions requires special attention by courts); *Harriston v. Chicago Tribune Co.*, 134 F.R.D. 232 (N.D. Ill. 1990) ("courts have not looked with favor upon attempts to depose opposing counsel"); *American Casualty Co. v. Krieger*, 160 F.R.D. 582 (S.D. Cal. 1995).

In the face of the plaintiff's refusal to disclose the purpose of Mr. Ablin's deposition, the defendant cannot discern any legitimate reason for deposing her, as she had no involvement in the allegedly discriminatory conduct of which he complains. Her thoughts and impression, interviews of Walgreen employees regarding the investigation of the EEOC Charge, and her

3

conversations in preparing the response to the EEOC Charge are privileged from disclosure by either the work-product doctrine or attorney-client privilege. Any non-privileged information which she has can almost certainly be obtained from other witnesses. Absent some showing by the defendant of a valid need to take Ms. Ablin's deposition, this court should enter a protective order prohibiting its taking.

WHEREFORE, the defendant moves that this court enter a protective order prohibiting the taking of the deposition of Rachel Ablin, and awarding the defendant its fees and costs in bringing this motion.

WALGREEN CO., an Illinois Corporation,

By: HINSHAW & CULBERTSON LLP

s/L. Lee Smith
L. Lee Smith
One of Its Attorneys
HINSHAW & CULBERTSON LLP
456 Fulton St., Suite 298
Peoria, IL  61602
309-674-1025

## CERTIFICATE OF SERVICE

 I hereby certify that on **May 5, 2006**, I electronically filed this **MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nile J. Williamson
Attorney at Law
411 Hamilton Blvd., Suite 1926
Peoria, IL  61602

             s/L. Lee Smith
            Attorneys for Defendant
            L. Lee Smith
            HINSHAW & CULBERTSON LLP
            456 Fulton St., Suite 298
            Peoria, IL  61602
            309-674-1025

80214766v1 846495