E-FILED
Monday, 08 May, 2006  01:49:11 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ERIC D. SIMPLE,** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | **CASE NO. 04-1305** |
| | ) | |
| **WALGREEN CO., an Illinois Corporation,** | ) | |
| | ) | |
| DEFENDANT. | ) | |

### PLAINTIFF'S OBJECTION TO MOTION FOR PROTECTIVE ORDER

NOW COMES the plaintiff ERIC D. SIMPLE by his attorney NILE J. WILLIAMSON and objects to the Motion for Protective Order e-filed on May 5, 2006, as follows:

1. That plaintiff's attorney has attempted for approximately 60 days to set the deposition of defendant's in-house attorney Rachel Ablin for the purpose of ascertaining whether Ablin had control, possession of or knowledge relating to a certain statement made in writing by Walgreen's employee Jackie Hadley.

2. That during the course of the deposition of said Jackie Hadley taken March 13, 2006, Hadley indicated she made a written statement concerning conduct of the person promoted in place of Eric Simple to one Martise Scott, the investigator used by Walgreen's to prepare a report on said incident as shown by Hadley's deposition transcript on pages 35-38, a true and correct copy of which is attached hereto and made a part hereof.

3. That the statement of Jackie Hadley has not been produced during the course of this litigation.

4. That at all times relevant, Martise Scott was an agent and employee of Walgreen's who was assigned to conduct the investigation above referenced and who had control of the written statement given by Jackie Hadley.

5. That at no time herein has Walgreen's given any sufficient explanation as to why said statement has not been produced and plaintiff's counsel has advised defendant's counsel on two separate occasions orally the necessity of deposing Rachel Ablin to understand whether and if Ablin had in her possession or control the written statement of Jackie Hadley.

6. That said deposition is necessary for plaintiff's counsel to properly prepare said cause and plaintiff will be prejudiced in his preparation for the Motion for Summary Judgment and trial of this cause if the deposition of Rachel Ablin cannot be taken.

WHEREFORE, plaintiff prays that the Motion for Protective Order be denied and that he be granted sufficient and other relief as is necessary.

ERIC D. SIMPLE, Plaintiff,

By: s/Nile J. Williamson
NILE J. WILLIAMSON
ATTORNEY AT LAW
1926 ASSOCIATED BANK PLAZA
PEORIA, ILLINOIS 61602-1104
TELEPHONE: (309) 677-5950
FAX: (309) 677-5952
E-MAIL: nilew@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2006, I electronically filed the foregoing Plaintiff's Objection to Motion for Protective Order with the Clerk of the U.S. District Court by using the CM/ECF system which will send notification of such filing to the following:

L. Lee Smith
Hinshaw & Culbertson
456 Fulton Street, Suite 298
Peoria, IL 61602
(309) 674-1025

s/Nile J. Williamson
NILE J. WILLIAMSON
ATTORNEY AT LAW
1926 ASSOCIATED BANK PLAZA
TELEPHONE: (309) 677-5950
FAX: (309) 677-5952
E-MAIL: nilew@aol.com