UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ERIC D. SIMPLE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 04-1305 |
| WALGREEN CO., an Illinois Corporation, | ) |
| Defendant. | ) |

### DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION FOR PROTECTIVE ORDER

COMES NOW the defendant, WALGREEN CO. ("Walgreens"), an Illinois Corporation, by and through its attorneys, HINSHAW & CULBERTSON LLP, and for its Reply to Plaintiff's Objection to Motion for Protective Order, states as follows:

The plaintiff has articulated a single subject on which he wishes to take the deposition of Walgreens' in-house counsel, Rachel Ablin. The plaintiff states that he wishes to depose Ms. Ablin so as "to understand whether and if Ablin had in her possession or control the written statement of Jackie Hadley." Ms. Hadley, a Walgreens employee already deposed by the plaintiff, has testified that she gave a written statement to a Walgreens internal investigator who was investigating allegations of employment discrimination by the plaintiff. Ms. Hadley said that she wrote a statement, consisting of "[m]aybe three lines," Hadley Deposition, p. 37. In that statement, Hadley said she wrote that Leann Turley, the plaintiff's boss at the time, had said "that Pontiac was a racist town." *Id*. at 38. The store manager's position which Simple claims he was discriminatorily denied was in Pontiac.

Ms. Hadley had given another written statement to the Walgreens' investigator in which she refused to provide information. This other statement had been provided and its existence

created some confusion between the undersigned attorney and Walgreen personnel in locating the statement to which Ms. Hadley referred. After a further search of the documents and conversation with the Walgreen investigator, Martise Scott, and Ms. Ablin, the statement of Ms. Hadley (consisting of three hand-written sentences) was located today by the undersigned attorney in his file. A copy has been sent to the plaintiff's attorney today.

The plaintiff's proposed justification has failed to satisfy (or even address) the three-part test of *Shelton v. American Motors, Inc.*, 805 F.2d 1323 (8th Cir. 1987), as previously discussed by the defendant in its memorandum in support of a protective order. In order to take the deposition of a party's attorney, the party seeking the deposition must have a more compelling reason than simply desiring to ask about a (formerly) missing document. *See Coleman v. General Elec. Co.*, 1995 WL 358089 * 3 (E.D. Pa.) (request to depose in-house counsel regarding search for documents in corporate files does not constitute "substantial need" for the deposition). Now that the document has been located and disclosed, any conceivable need for Ms. Ablin's deposition has vanished. Moreover, any testimony from her regarding the statement is totally unnecessary. Not only does it fail to advance Mr. Simple's claim, but Ms. Hadley has already testified to its contents. The statement is also hearsay.

For the reasons stated above and in the defendant's Memorandum, the defendant's motion for protective order should be granted.

WALGREEN CO., an Illinois Corporation,

By: HINSHAW & CULBERTSON LLP

<u>s/L. Lee Smith</u>
L. Lee Smith
One of Its Attorneys
HINSHAW & CULBERTSON LLP
456 Fulton St., Suite 298
Peoria, IL  61602
309-674-1025

80215356v1 846495

**CERTIFICATE OF SERVICE**

    I hereby certify that on **May 15, 2006**, I electronically filed this **DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nile J. Williamson  
Attorney at Law  
411 Hamilton Blvd., Suite 1926  
Peoria, IL  61602

    s/L. Lee Smith  
Attorneys for Defendant  
L. Lee Smith  
HINSHAW & CULBERTSON LLP  
456 Fulton St., Suite 298  
Peoria, IL  61602  
309-674-1025

80215356v1 846495