E-FILED
Monday, 31 July, 2006  11:50:24 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC D. SIMPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-1305 |
| | ) |
| WALGREEN CO., an | ) |
| Illinois Corporation, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AFFIDAVIT OF MICHAEL A. PALMER

**BACKGROUND**

During the course of the litigation, the deposition of district manager Michael A. Palmer was taken by plaintiff's counsel and the substance of said deposition is attached as an exhibit to defendant's Motion for Summary Judgment. Notwithstanding the extensive testimony given during the course of said deposition and the exhibits attached thereto (most of which were not attached to defendant's motion), defendant now seeks a second bite of the apple and wants to attach the affidavit of Michael A. Palmer in support of its Motion for Summary Judgment which contains information which is either contradicted by the substance of his deposition or adds additional material not discussed in the deposition itself.

**STANDARD FOR ALLOWING AFFIDAVIT OF DEPOSED WITNESS**

The seventh circuit has made it clear that an affidavit that conflicts with deposition testimony or is used merely to bolster or explain away such testimony should be disregarded. See **Pryor v. Seyfarth, Shaw, Fairweather and Geraldson**, 212 F.3d 976, 978 (7th Cir. 2000); **Russell v. Acme, Evans Co.**, 51 F.3d 64, 67 (7th Cir. 1995).

Here, Palmer makes such statements as in paragraph 4, describing the "typical career path" for an EXA and "the reason" for such career paths. Not satisfied with his testimony in the deposition, Palmer now states in paragraph 7 "this judgment was based on my subjective and objective review of the two stores which showed inventories were low in relation to sales." "Ms. Jonland's performance in this area was better than that of Mr. Simple's, who had preceded her as an EXA at the 1110 Main Street store in Bloomington." Suffice to say, plaintiff's response to the Motion for Summary Judgment will show that Palmer significantly contradicted himself as to any differences between Jonland and Simple in the process of appointing the Pontiac managers store. Again, in paragraph 10 of his affidavit and in order to cover up a complete lack of explanation in his deposition, Palmer states that he did not solicit applications or conduct interviews for the Pontiac store because the position had to be "filled reasonably soon".

Federal Rule of Civil Procedure 56(e) directs that affidavit shall be made on personal knowledge, shall set forth facts as would be admissible in evidence and shall affirmatively show that the affiant is competent to testify to the matter stated therein. In **Davis v. the City of Chicago**, 841 F.2d 186, 189 (7th Cir. 1988) the court stated that an affidavit must satisfy the requirements of 56(e) and the requirements or evidence based on personal knowledge set forth in Federal Rule of Evidence 602 which requires that a witness may not testify as to a matter unless evidence is introduced sufficient to support a finding that the witness had personal knowledge in the matter. Further, legal conclusions are not appropriate in affidavits in support of motions for summary judgments. See **Bank v. Truck Insurance Exchange**, (N.D.Ill. 1994) 1994 US Dist. Lexis 3705, 3745. Finally, FRCP 56(e) does not allow the court to consider inadmissible hearsay statements

on a motion for summary judgment.  **Randle v. LaSalle Telecommunications, Inc.**, 876 F.3d 563, 570 note 4 (7th Cir. 1989); **Powers v. Dole**, 782 F.2d 689, 696 (7th Cir. 1986). The Palmer affidavit is replete with hearsay statements as to salaries and bonuses paid to Walgreen's managers at various stores.  Paragraphs 11, 12, 13, and 14 contain direct salary and bonus references which are readily available via exhibits offered in Palmer's exhibits.  Palmer's misstatements of those figures will mislead the court as to his discriminatory intent in hiring a white female individual over Eric Simple who was more qualified for the Pontiac store position than Jonland.  It is represented that an exhibit to be offered in opposition to the motion for summary judgment will show that Palmer himself rated Simple more qualified for the Pontiac position than Jonland.

      While defendant and its counsel may not be satisfied with the content of Palmer's deposition testimony, it is inappropriate to allow that defendant to file an affidavit of Palmer which contradicts changes or adds testimony not given during the course of his deposition.  For the foregoing reasons, the affidavit of Palmer should be stricken.

                Respectfully submitted,

                s/Nile J. Williamson
                NILE J. WILLIAMSON
                ATTORNEY AT LAW
                1926 ASSOCIATED BANK PLAZA
                PEORIA, ILLINOIS
                TELEPHONE: (309) 677-5950
                FAX: (309) 677-5952
                E-MAIL: nilew@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on <u>July 31, 2006</u>, I electronically filed the foregoing <u>Memorandum in Support of Motion to Strike the Affidavit of Michael A. Palmer</u> with the Clerk of the U.S. District Court by using the CM/ECF system which will send notification of such filing to the following:

L. Lee Smith
Hinshaw & Culbertson
456 Fulton Street, Suite 298
Peoria, IL 61602

s/Nile J. Williamson
NILE J. WILLIAMSON
ATTORNEY AT LAW
1926 ASSOCIATED BANK PLAZA
TELEPHONE: (309) 677-5950
FAX: (309) 677-5952
E-MAIL: nilew@aol.com
