**E-FILED**
Monday, 14 August, 2006  04:12:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ERIC D. SIMPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  04-1305 |
| | ) | |
| WALGREEN CO., an Illinois Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
## THE AFFIDAVIT OF MICHAEL A. PALMER

COMES NOW the defendant, WALGREEN CO., an Illinois Corporation, by and through its attorneys, HINSHAW & CULBERTSON LLP, and for its Response to Plaintiff's Motion to Strike the Affidavit of Michael A. Palmer, hereby states as follows:

### INTRODUCTION

The plaintiff has requested that this court strike the affidavit of district manager Michael Palmer, attached to the defendant's Motion for Summary Judgment, on the grounds that the affidavit "contradicts, changes or adds testimony not given during the course of his deposition." Plaintiff's Memorandum in Support of Motion to Strike Affidavit, page 3.  The inclusion of additional or new testimony does not provide valid grounds for striking the affidavit, and the plaintiff has not demonstrated that any portion of the affidavit contradicts or changes the testimony given elicited in Palmer's deposition.  The plaintiff's Motion to Strike utterly fails to provide any reason to strike Palmer's affidavit.

### ARGUMENT

Obviously, an affidavit that conflicts with the affiant's deposition testimony should be disregarded unless it can be demonstrated that the deposition testimony was mistaken.  *See*

*Russell v. Acme-Evans Co.*, 51 F.3d 64, 67 (7th Cir. 1995). However, the plaintiff's motion to strike fails to support his position. Both of the plaintiff's cited cases dealt with a non-moving party's attempt to survive summary judgment by creating, after the motion was filed, a sham issue of material fact in an affidavit by the <u>party</u> that conflicted with his deposition testimony. *Id.* at 67-68, and *Pryor v. Seyfarth*, *Shaw, Fairweather and Geraldson*, 212 F.3d 976, 978 (7th Cir. 2000). This concern does not exist here. Furthermore, no conflict exists. The moving defendant filed the affidavit to provide testimony of the witness/affiant not previously elicited by the plaintiff's counsel in deposing the witness.

None of the law cited by the plaintiff suggests that the court may exclude an affidavit simply because it adds new statements not provided in the affiant's deposition. *See Maldonado v. U.S. Bank*, 186 F.3d 759, 769 (7th Cir. 1999) (cited by *Pryor*), holding that the trial court properly allowed a summary judgment affidavit where a careful comparison with opposing party's deposition of affiant demonstrated that the alleged discrepancies were only clarifications of previous testimony, or did not undermine the affidavit's legitimacy, or constituted <u>completely new testimony</u>. In *Fanslow v. Chicago Manufacturing Center*, the 7th Circuit reversed the district court's exclusion of an affidavit on the basis that the affiant offered facts that he did not raise in his deposition, because the affidavit did not contradict the affiant's earlier deposition testimony. 384 F.3d 469, 482-83 (2004). Plaintiff's request that Palmer's affidavit be excluded because it includes additional testimony not given during the course of the deposition is based on a misapprehension of the law.

The remainder of the plaintiff's pleading makes unsupported attacks on the affidavit that fail to demonstrate any conflicts between the affidavit and Palmer's deposition testimony. At several points, the plaintiff suggests that his future pleadings may demonstrate some

80220878v1 846495

contradiction between Mr. Palmer's affidavit and previous statements. The plaintiff claims that his "Response to the Motion for Summary Judgment will show that Palmer significantly contradicted himself," and that "an exhibit to be offered in opposition to the Motion for Summary Judgment will show that Palmer himself rated Simple more qualified." Plaintiff's Memorandum in Support of Motion to Strike Affidavit, pages 2, 3. These claims by the plaintiff provide no support for the currently pending Motion to Strike. If the plaintiff felt that he had some evidence demonstrating an actual contradiction, he should have supplied such in the Motion to Strike that he filed. The court should disregard these claims of future proof, because the plaintiff cannot request that this court assume away the burden of proof he bears in moving to strike the affidavit.

Furthermore, the pleadings that the plaintiff filed on August 8, 2006, in response to the Motion for Summary Judgment, merely deny certain undisputed material facts that are based on the affidavit by, at most, claiming that this information was not previously stated in Palmer's answers to the plaintiff's deposition questions or in the defendant's answers to the plaintiff's interrogatories. *See, e.g.*, Plaintiff's Response to Allegedly Undisputed Material Facts, paras. 10-11. The plaintiff's promised evidence of contradiction has failed to materialize, and is revealed for what it is, complaints that the affidavit provides additional information beyond that elicited by questions the plaintiff himself asked in the deposition and interrogatories. The only valid basis for excluding the affidavit would be if it contradicted these earlier statements. *See Fanslow.* However, a comparison demonstrates complete consistency.

When the plaintiff's requested assumptions of contradiction are removed from the Motion to Strike, no substance remains. The plaintiff makes a number of pejorative statements accusing Mr. Palmer of attempting to "cover up a complete lack of explanation in his deposition"

8022087v1 846495

and to "mislead the court as to his discriminatory intent in hiring a white female individual over Eric Simple." Plaintiff's Memorandum in Support of Motion to Strike, pages 2, 3. However, the plaintiff has failed to point to any specific testimony in Palmer's deposition that contradicts the cited portions of his affidavit.

When the affidavit is compared with the actual testimony in Mr. Palmer's deposition, it is evident that the two are completely consistent.[1] The plaintiff complains about Palmer's statements in paragraph 4 of his affidavit:

> The typical career path is for an EXA who is qualified to become a store manager to begin his or her career as a store manager in a store in the bottom one-third tier in terms of volume and profitability. The reason for this is to enable the new store manager to gain proficiency in his or her skills in a less pressurized environment and to minimize the possible loss of profits should the new manager not succeed. If the store manager succeeds at such a store, he or she may then be reassigned to a higher profit store as openings occur.

This portion of the affidavit with Palmer's testimony at page 42 of his deposition reveals that the two are completely consistent. Plaintiff's counsel in the deposition asked Palmer:

> Q.   And is the volume of sales in a store and to the net profit something taken into consideration in picking a new store manager?
>
> A.   Yes, it is.
>
> Q.   And to what extent?
>
> A.   Most typically, we assign a new Walgreen's store manager promoted from the ranks of executive assistant manager into a reasonably lower sales and profit store so as to minimize the risk of loss should the performance not be what we expect it could be – or should be, rather.

Palmer deposition, page 42.

Paragraph 4 of the affidavit does not contradict this testimony at all. The affidavit merely adds facts that the plaintiff's questioning did not elicit during the deposition. Specifically, the

---

[1]   A complete transcript of Michael Palmer's deposition testimony is attached as an exhibit to the defendant's Motion for Summary Judgment. The defendant claims that most of the Palmer deposition exhibits were not attached to the defendant's Motion for Summary Judgment. However, these fourteen exhibits, totaling

80220878v1 846495

affidavit reveals that another reason for this method of assignment of a new store manager is "to enable the new store manager to gain proficiency in his or her skills in a less pressurized environment." The affidavit also reveals that a new store manager will have the opportunity to become a manager at the higher profit stores if they perform well in their first store in the bottom one-third tier of stores.

The plaintiff also complains about paragraph 7 of Palmer's affidavit, again without pointing to any specific contradictory deposition testimony. Palmer stated in paragraph 7 of his affidavit:

> While Ms. Jonland had been an EXA I concluded she had demonstrated strength in investment management in the two stores where she worked. This judgment was based on my subjective and objective review of the two stores which showed inventories were low in relation to sales. As an EXA she would have been responsible, along with the store manager, for investment management in the stores. Ms. Jonland's performance in this area was better than that of Mr. Simple's, who had preceded her as an EXA at the 1110 Main Street store in Bloomington.

Ignoring the plaintiff's request that the court assume that he can demonstrate a contradiction in some future pleading, and reading Palmer's actual deposition testimony, reveals that the affidavit and the deposition are again completely consistent. Palmer testified that he was "solid on Ms. Jonland as the candidate for that store." Palmer dep., page 119. The plaintiff cannot point to any testimony in Palmer's deposition suggesting that Palmer believed that the plaintiff was more qualified than Melissa Jonland for the Pontiac store manager's position. Palmer's affidavit provides a detailed description of the reasons he felt Ms. Jonland was the most qualified EXA for the Pontiac position, and it is unsurprising that the plaintiff's counsel, in conducting his deposition of Palmer, did not elicit testimony demonstrating these qualifications possessed by Jonland. The plaintiff's motion also specifically attacks paragraph 6 of the affidavit, which

---

more than 100 pages, were in fact attached along with the transcript to the defendant's motion.

80220878v1 846495

describes the condition of the Pontiac store in October, 2003, as well as Jonland's performance as an EXA. The plaintiff's counsel did not cover these areas in the deposition, but the fact that the affidavit contains additional information is not a grounds to strike, and the plaintiff has utterly failed to point to any contradictory testimony. *See Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1007 (7th Cir. 1999) (where deposition testimony is ambiguous or incomplete, witness may legitimately clarify or expand upon that testimony by way of affidavit); *Blackwell v. DaimlerChrysler Corp.*, 399 F.Supp.2d 998, 1004 (W.D. Mo. 2005) (proper for party to supplement deposition testimony with affidavit unless it is plainly inconsistent with deposition).

The plaintiff also specifically criticizes paragraph 11, 12, 13, 14 and 16 of the Affidavit as containing inadmissible hearsay. These paragraphs detail the salaries and bonuses of the relevant store manager positions in Pontiac and Peoria. The plaintiff makes a simplistic evidentiary argument claiming that Palmer has no personal knowledge of the salaries and bonuses paid to Walgreen's managers in Pontiac and Peoria. However, Palmer was the district manager for the district that included Pontiac and Peoria. Of course, Palmer would have personal knowledge of the salaries and bonuses paid to the store mangers he directly supervised, as well as access to the business records containing these details.

Plaintiff also accuses Palmer of misstating the figures involved, and claims that the salary and bonus references are available in the exhibits to Palmer's deposition. The plaintiff's completely unsupported allegation that Palmer misstated any figures is a transparent and improper attempt to impugn Palmer's character. Furthermore, this data is not contained within the exhibits the plaintiff used to depose Palmer, but the business records containing such data would be admissible under an exception to the hearsay rule, and Palmer would be competent to testify regarding such records. The plaintiff has failed to offer a single shred of evidence

80220878v1 846495

suggesting that Palmer's data is incorrect, despite extensive discovery. The plaintiff's dislike of the facts stated in an affidavit is not grounds for the plaintiff to have that affidavit stricken.

The proper recourse for the plaintiff is to marshal his own facts to the contrary and include those in any response that the plaintiff feels he can make in a good faith opposition to summary judgment. The plaintiff's unsupported arguments in his motion completely fail to provide any grounds to strike any portion of Palmer's affidavit.[2]

WHEREFORE, the defendant, WALGREEN CO., an Illinois Corporation, respectfully requests that this Court deny the plaintiff's Motion to Strike the Affidavit of Michael A. Palmer and grant the defendant such additional relief as the Court deems just and proper.

WALGREEN CO., an Illinois Corporation,
Defendant

By: HINSHAW & CULBERTSON LLP


s/L. Lee Smith
L. Lee Smith
Garth C. K. Madison
One of Its Attorneys
HINSHAW & CULBERTSON LLP
456 Fulton St., Suite 298
Peoria, IL  61602
309-674-1025

---

[2] The plaintiff specifically attacks paragraphs 4, 6, 7, 11, 12, 13, 14 and 16 of Palmer's Affidavit. His arguments against these paragraphs are unsupported by the facts in the record and insufficient to strike any of these specific paragraphs. However, it should be noted that the plaintiff requests the much broader relief of striking the entire affidavit of Michael Palmer, without providing any reason whatsoever that the remaining portions of the affidavit are improper. Such an over-reaching remedy should be denied.

80220878v1 846495

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **August 14, 2006**, I electronically filed this **Response to Plaintiff's Motion to Strike Affidavit of Michael A. Palmer** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nile J. Williamson
Attorney at Law
411 Hamilton Blvd., Suite 1926
Peoria, IL  61602

s/L. Lee Smith
Attorneys for Defendant
L. Lee Smith
Garth C. K. Madison
HINSHAW & CULBERTSON LLP
456 Fulton St., Suite 298
Peoria, IL  61602
309-674-1025

80220878v1 846495