IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC D. SIMPLE,            ) | |
|                            ) | |
|     Plaintiff,    ) | |
|                            ) | |
| v.                         ) | Case No. 04-1305 |
|                            ) | |
| WALGREEN CO., an           ) | |
| Illinois Corporation,      ) | |
|                            ) | |
|     Defendant.    ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE RESPONSE TO STATEMENT OF UNDISPUTED FACTS AND MOTION TO STRIKE PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Normally, the district court has discretion in determining whether to grant a motion to strike. See **Stinnett v. Iron Works Gym/Executive Health Spa, Inc.**, 301 F.3d 610, 613 (7th Cir. 2002). However, defendants' attempt to strike plaintiff's Memorandum in Opposition to the Motion for Summary Judgment is both ill-conceived and procedurally inappropriate. Federal Rule of Civil Procedure 12(f) provides for motions to strike pleadings containing "immaterial, impertinent or scandalous matter". Case precedent has held that a memorandum in opposition to a motion for summary judgment is not a pleading within the meaning of Federal Rule of Civil Procedure 7(a) and is thus not subject to a motion to strike. **Lyons Savings & Loan Association v. Geode Co.**, 641 F.Sup. 1313, 1316n3 (N.D. Ill. 1986); **Hrubec, et. al. v. National Railroad Passenger Corp.**, 829 F.Sup. 1502, 1506 (N.D. Ill. 1993, citing **Board of Education v. Admiral Heating & Ventilation, Inc.**, 94 F.R.D. 300, 304 (N.D. Ill. 1982)). Plaintiff also disputes the substance of the motion to strike plaintiff's memorandum. Local rule 7.1(D) (4)(d)(2) states that the non-moving party to a motion

for summary judgment may raise "any additional argument" that is in opposition to the pending motion. The defendant raised the issues of whether the Turley statement that Pontiac was not ready for a black manager was admissible as either direct or indirect evidence of discrimination and whether Melissa Jonland was qualified to be appointed the manager at Pontiac even though she only had 4 years manager experience versus 9 for Eric Simple. In responding to said motion, plaintiff cited two witnesses, Montez Dones and Jessica Culbertson, whose testimony refuted the allegation that Turley was not a person who participated in the decision making process for Palmer to choose Jonland over Simple. Both witness citations were made to the page of the record of the deponents' deposition in accordance with the local rule and both citations responded to an argument made by the defendant in its own motion. The fact that this testimony contradicts defendant's arguments in its motion for summary judgment only means there is material issue of fact as to these matters and not that plaintiff cannot raise the issues appropriately under the local rule.

      The defendant has also moved to strike all of plaintiff's responses to statements of undisputed facts although plaintiff admitted 39 undisputed facts out of a total of 61.[1] The substance of the motion to strike plaintiff's response to undisputed statements of material fact and those statements of material fact which are denied are equally unsupported. The defendant cited only two evidentiary references in suggesting that plaintiff should have listed additional material facts in response to local rule 7.1(D)(2)(b) and those were the

---

[1] The defendant criticized this same action on page 7 of its memorandum in opposition to the motion to strike the Palmer affidavit. It now takes the opposite approach in moving to strike all of plaintiff's responses.

citations to the Dones deposition on pages 6 and 7 of plaintiff's memorandum and to the deposition of Jessica Culbertson on page 12 of plaintiff's memorandum.  Defendant does reference evidentiary statements under the additional background portion of plaintiff's memorandum in opposition but does not cite with specificity which, if any, evidentiary citations made under that section should have been listed as additional facts.  A cursory glance at the exhibits and deposition response that plaintiff submitted in the denial portion of the statement of undisputed facts clearly shows that plaintiff referenced all of the cited provisions of the Dones (denial to paragraph 6 and paragraph 14) deposition as well as the further evidentiary material cited under the additional facts section of plaintiff's memorandum in opposition.  Local rule 7.1(D)(2)(b)(2) requires the non-moving party to attach "any document, affidavit or excerpts of transcripts claimed to establish an issue of fact" to the denial portion of the material facts claim to be disputed.  Plaintiff attached all exhibits and excerpts of deposition transcripts in the denial portion in accordance with the rule and relied upon those evidentiary materials in making argument in the memorandum itself.  The rule does not require plaintiff to duplicate the exhibits or evidentiary material previously attached in the denial section by adding them to a section entitled "Additional material facts claim to defeat the motion for summary judgment".  Even if defendants were correctly stating an interpretation of the rule visa vie plaintiff's response to the motion for summary judgment, it would only mean that an additional section should have been added to the response to the statement of undisputed facts.  At least one decision of this court, **Trustees of East Central Illinois Pipe Trade's Health and Welfare Fund v. Airport Plumbing & Heating, Inc.**, 2006 U.S. Dist. Lexis 787 (C.D. Ill. 2006), has held that documents attached to the wrong pleading constitute a

distinction without a substantive difference.  In other words, defendant's motion presents no substantive reason for striking either of plaintiff's motion in opposition or response to statement of undisputed facts and all documents referenced by plaintiff were properly in the record and in accord with local rule 7.1 et. seq.  For the foregoing reasons and others implicit therein, defendant's motions to strike should be denied.

                ERIC D. SIMPLE, Plaintiff,

        By: s/Nile J. Williamson
            NILE J. WILLIAMSON
            ATTORNEY AT LAW
            1926 ASSOCIATED BANK PLAZA
            PEORIA, ILLINOIS 61602-1104
            TELEPHONE: (309) 677-5950
            FAX: (309) 677-5952
            E-MAIL: nilew@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>August 17, 2006</u>, I electronically filed the foregoing <u>Memorandum in Opposition to Defendant's Motion to Strike Response to Statement of Undisputed Facts and Motion to Strike Plaintiff's Memorandum in Opposition to Motion for Summary Judgment</u> with the Clerk of the U.S. District Court by using the CM/ECF system which will send notification of such filing to the following:

    L. Lee Smith
    Hinshaw & Culbertson
    456 Fulton Street, Suite 298
    Peoria, IL 61602

                                        s/Nile J. Williamson
                                        NILE J. WILLIAMSON
                                        ATTORNEY AT LAW
                                        1926 ASSOCIATED BANK PLAZA
                                        PEORIA, ILLINOIS 61602-1104
                                        TELEPHONE: (309) 677-5950
                                        FAX: (309) 677-5952
                                        E-MAIL: nilew@aol.com