UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ERIC D. SIMPLE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 04-1305 |
| WALGREEN CO., an Illinois Corporation, | ) ) ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S
MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW the defendant, WALGREEN CO., an Illinois Corporation, by and through its attorneys, HINSHAW & CULBERTSON LLP, and for its Reply to Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, states as follows:

**REPLY TO ADDITIONAL MATERIAL FACTS**

Ignoring CDIL-LR 7.1(D)(2), the plaintiff has failed to list and number each additional material fact raised in his Memorandum in Opposition to Motion for Summary Judgment ("Memorandum"). Instead, he has simply added a section ("Additional Background") setting forth unnumbered additional facts, and for good measure has strewn various other factual allegations throughout his Memorandum. As a result, the defendant cannot comply with CDIL-LR 7(D)(3) and has accordingly moved to strike Simple's response.

The plaintiff also disputes numerous material facts submitted by the defendant in its motion solely on the grounds that they appear in Michael Palmer's affidavit as new testimony not previously raised in Palmer's deposition or interrogatory answers. The plaintiff has not shown any contradictions, as argued in the defendant's Response to Plaintiff's Motion to Strike

Palmer's Affidavit, or raised any legitimate factual disputes. Thus, these material facts (paras. 10, 11, 28-34, 51, 52-56, and 58) should be considered to be undisputed.

The plaintiff's non-compliance with the local rules is not a mere technical violation, but a mistake that has been termed "fatal." *See Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921-22 (7th Cir. 1994) (cited in local rules) and *Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 286 (7th Cir. 1997).

## ARGUMENT

### The Plaintiff Has Failed To Provide Circumstantial Evidence Of A Discriminatory Motive

Relying on *Troupe v. May Department Stores Co.*, 20 F.3d 734 (7th Cir. 1994), Simple claims in his Memorandum to have assembled a "convincing mosaic of circumstantial evidence" sufficient to defeat Walgreens' motion for summary judgment. In fact, the often inaccurate hodgepodge cobbled together by Simple fails to establish any discriminatory motive by Walgreens in filling the Pontiac store manager's position. Specifically, the evidence he offers suffers from the following defects:

- Among the items of evidence from which Simple maintains an inference of discriminatory intent might be drawn is Walgreens' not having an affirmative action policy. No authority exists for such an inference from the absence of an affirmative action policy. Indeed, the Supreme Court has disavowed the notion that Title VII imposes any obligation on the part of an employer to adopt an affirmative action plan. *See United Steel Workers of America v. Weber*, 443 U.S. 193, 206 (1979) and 42 U.S.C. § 2000e-2(j).

- Simple repeatedly attempts to tarnish Melissa Jonland, the woman hired to fill the Pontiac store position Simple wanted, as guilty of engaging in "racial insensitivity."

2

Memorandum, pp. 11, 13, 14.[1]  Jonland's denial of making a "racially insensitive" comment stands unrebutted by Simple.  Furthermore, there is no evidence of Michael Palmer's awareness of any such incident.  Simple also points to the fact that he had previously worked in the Pontiac store while Jonland had not.  However, Palmer was trying to rectify the store's weak previous performance by selecting Jonland.  Palmer Aff., paras. 5-6.

- In an effort to connect Leanne Turley to the decisionmaking process, Simple quotes from the deposition testimony of Montez Dones, manager at a Walgreens store in Normal, Illinois.  According to Simple, Dones' testimony establishes that Turley had input into the decision to hire Jonland and, therefore, it may be inferred that Palmer was influenced by Turley's allegedly discriminatory beliefs.  Memorandum, p. 7.  Simple, who also neglects to comply with the requirement of setting forth Dones' testimony as additional material facts, fails to provide the complete testimony of Dones, attaching only four pages to his response.  Later in his deposition, Dones explicitly denied having any knowledge of the procedure used for the appointment of the Pontiac store manager's position.  Dones Dep., p. 46.  (A complete copy of Dones' testimony is attached).  Dones' testimony cited by Simple is therefore inadmissible speculation.

- Simple claims Walgreens' answer is inconsistent with Palmer's affidavit.  Memorandum, p. 1.  In its answer Walgreens denied Paragraph 11 of the Complaint, which alleged, *inter alia*, that the method of selecting store manager was an "unfair denial of advancement opportunities" to African-Americans and that no objective standards were used.  Simple contends this denial is inconsistent with its statement that Palmer's decision to promote was subjective.  There is no inconsistency when the two statements are read in their entirety.

---

[1] Simple fails to identify this as an additional statement of material fact.

Walgreens was simply denying Simple's allegations that the promotion decision was wholly subjective, which is the crux of his allegation in the complaint.

- Simple has also failed to argue persuasively that Leanne Turley's remarks evidence racial prejudice on her part. An after-the-fact acknowledgement by a supervisor, but non-decisionmaker, that the employment decision could have been motivated by improper reasons is insufficient to overcome summary judgment. *See Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 402 (7th Cir. 1997) (statement made by plaintiff's superior that age might have been a factor in the employer's decision held not to be evidence of discrimination when the superior had no part in the decision to discharge the plaintiff). Simple's tactics in this litigation and conduct outside of it also belie any claim that he believed her to be a bigot. He continues to rely upon Turley's performance evaluations of him to argue that he was more qualified than Jonland, Memorandum, p. 8, and in December 2004 he requested a transfer to the store where he would be working under her supervision. SUMF 20.

- Simple contends that Palmer's affidavit statement that Jonland had demonstrated strength in investment management is contradicted by Jonland's deposition testimony. Memorandum, p. 13. In her deposition, Jonland testified that while working as an assistant store manager for Turley, she had no involvement in the budget of the store. Investment management is not the same as budgeting. In his affidavit, Palmer defines investment management as "the maintenance of optimum inventory levels for the sales base." Palmer Affidavit, para. 6. To "budget" is "to plan expenditures." *Webster's Seventh New Collegiate Dictionary*.

- Simple purports to find support in the opinion of a former assistant store manager Jessica Culbertson that Simple was more qualified for the Pontiac store manager position must be disregarded. The opinion of a fellow employee (and in this instance a subordinate one at that)

4

is irrelevant in determining Palmer's judgment in promoting Jonland was racially motivated. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 444 (4th Cir. 1998). As has been repeatedly stated, "courts do not sit as super personnel departments, second-guessing an employer's facially legitimate business decisions." *Brummett v. Sinclair Broadcasting Group, Inc.*, 414 F.3d 686, 693 (7th Cir. 2005) (internal citations omitted).

- Simple contends that Walgreens identifies its stores by the ethnic composition of the store's customer base and assigns managers to stores of like ethnicity. Memorandum, pp. 8-9. He claims this was done both in his case and for Montez Dones, the only African-American store manager in the district at that time. *Id.*, p. 1. In support of this claim he points to an untitled document he presented to Palmer in his deposition which identifies stores by income level and ethnicity. Palmer Dep., Ex. 2. Palmer denied ever using the data in selecting store managers. Palmer Dep., pp. 48-49. There was no other testimony in discovery regarding the document. The evidentiary value of the document to Simple's argument is dubious: It shows Montez Dones was assigned to Store #2588 in Normal, which is in the same "rural" category as the Pontiac store. Both stores are shown to have a customer base with an average income of $40,000 to $60,000 and be more than 80% White.

**The Plaintiff's Lack Of A Factual Response Virtually Concedes That He Is Not Entitled To Damages After April 30, 2004**

In response to Walgreens' claim that he was offered a substantially equivalent position on April 3, 2004, to the Pontiac store manager's position, Simple casually dismisses the argument as "premature" and "inapplicable." Memorandum, p. 14. A plaintiff claiming to be the victim of employment discrimination has a duty to mitigate damages. *Williams v. Pharmacia, Inc.*, 137 F.3d. 944, 953 (7th Cir. 1998). By refusing a job that was substantially equivalent to the one he claims he was improperly denied, Simple has failed to mitigate his damages, and he is therefore

5

not entitled to any damages for the diminution in wages and benefits after he turned down the Western Avenue position. Simple contends, however, that he is relieved from any duty to mitigate damages. Memorandum, p. 15. Or, as Simple terms it, Walgreens is "estopped" from asserting a claim that he failed to mitigate damages. *Id., citing Sly v. United States*, 220 F.2d 212 (7th Cir. 1955), an inapplicable, 50-year-old case involving insurance benefits.

As a practical matter, Simple's argument would eliminate the requirement that a plaintiff mitigate his damages by seeking or accepting other employment opportunities. A discharged or non-promoted plaintiff could always assert that he was so traumatized by the employer's adverse action that he could not seek or perform the position that he was denied.

Other than his own claimed feelings, Simple has offered no opinions or other evidence that psychological damage caused by his failure to receive the Pontiac position has rendered him incapable of subsequently serving as a store manager for Walgreens. Self-claimed losses of self-esteem caused by the failure to receive a promotion (or even a firing) have met with little sympathy by the courts. *See, e.g., Cowan v. Prudential Insurance Co.*, 852 F.2d 688 (2nd Cir. 1988) (damages not awarded for claimed loss of self-esteem allegedly arising from a failure to promote); *Rice v. Nova Biomedical Corp.*, 38 F.3d. 909, 911 (7th Cir. 1994) (temporary loss of self-esteem from discharge of employment did not merit pecuniary damages). *See also Hertzberg v. SRAM Corp.*, 261 F.3d 658-59 (7th Cir. 2001) (distinguishing between ordinary and aggravated sexual harassment, and requiring employee to remain on the job, unless working conditions are so intolerable as to constitute constructive discharge and warrant back or front pay award).

Finally, Simple's generalized assertion that mitigation issues are matters of "factual determination" and therefore not appropriate for summary judgment finds no support in Rule 56.

District courts address many factual disputes in the context of motions for summary judgment. Issues regarding damages are equally entitled to decision by summary judgment. *See MicroStrategy, Inc. v. Business Objects S.A.*, 429 F.3d 1344, 1358 (Fed. Cir. 2005); *Muhammad v. Pitcher*, 35 F.3d 1081 (6th Cir. 1994).

## CONCLUSION

For the reasons stated above and in the defendant's motion for summary judgment and supporting memorandum of law, summary judgment on the issue of liability should be granted in favor of the defendant, or alternatively, the court should enter judgment that the plaintiff is not entitled to monetary damages for lost wages or benefits after April 30, 2004.

WALGREEN CO., an Illinois Corporation, Defendant

By: HINSHAW & CULBERTSON LLP

s/L. Lee Smith
L. Lee Smith
Garth C.K. Madison
One of Its Attorneys
HINSHAW & CULBERTSON LLP
456 Fulton St., Suite 298
Peoria, IL  61602
309-674-1025

80221544v1 846495

**CERTIFICATE OF SERVICE**

  I hereby certify that on **August 21, 2006**, I electronically filed this **DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nile J. Williamson
Attorney at Law
411 Hamilton Blvd., Suite 1926
Peoria, IL  61602

 s/L. Lee Smith
Attorneys for Defendant
L. Lee Smith
HINSHAW & CULBERTSON LLP
456 Fulton St., Suite 298
Peoria, IL  61602
309-674-1025

80221544v1 846495