E-FILED
Wednesday, 08 November, 2006 02:39:37 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC D. SIMPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-1305 |
| | ) |
| WALGREEN CO., an | ) |
| Illinois Corporation, | ) |
| | ) |
| Defendant. | ) |

**DOCKETING STATEMENT PURSUANT TO CIRCUIT RULE 3(c)(1)**

1. <u>Court-Location, Docket Number and Judge:</u>  Plaintiff's complaint requested legal and equitable relief from defendant in case number 01-1305 filed in the United States District Court for the Central District of Illinois, Peoria Division.  The majority of proceedings in the subject case were before the United States District Court judge Michael Mihm.

2. <u>Parties to this Appeal:</u>  The parties to this cause of action are plaintiff Eric Simple, a resident of Bloomington, IL and the defendant Walgreen's, Co., an Illinois corporation.

3. <u>Corporate Registration Disclosure:</u>  Plaintiff is not aware of any corporate disclosure information that is required to be filed in conjunction with the cause of action brought before this court by the plaintiff.

4. <u>Brief Description of the underlying factual basis giving rise to Plaintiff filing the present cause of action before this Court:</u>  Plaintiff Eric D. Simple, an African American male, filed suit under 42 USC § 2000e et. seq. and 42 USC § 1981 alleging that the defendant Walgreen's Co. committed race discrimination by failing to promote him to

a store manager position at its facility in Pontiac, IL.  Plaintiff began working at Walgreen's in April of 1995 and in April of 1999, he was promoted to the position of management trainee to executive assistant manager (EXA) and until 2004 worked at various EXA positions in and around Walgreen's Bloomington facilities.  In order to be promoted to a store manager by Walgreen's, a person must participate as an employee in the EXA position.  Since he became an EXA, Simple had made it known to Walgreen's that he wished to be a manager in the Bloomington-Normal area which was in region 28 of defendant's Illinois North district.

In November, 2001, district manager Mike Palmer offered the plaintiff Simple the store manager position at its Kankakee facility but plaintiff declined the offer because he did not wish to relocate and believed that the store was predominantly African American thus limiting his ability to be successful.  In November, 2002, Palmer offered Simple the store manager position at a Walgreen's facility in Peoria, IL but plaintiff declined this offer again because the store had a predominantly African American make-up.  Walgreen's tracked each of its stores based upon the African American customer base and subsequent sales based upon the African American customer base.

In October, 2003, the position of store manager in defendant's Pontiac, IL store became open; however, Palmer did not post the position and interviewed only one person, Melissa Jonland, for the job and subsequently offered it to her.  When Simple complained that he had not been offered the job, let alone allowed to interview for the position, he was told by his own store manager Leanne Turley that "Pontiac was not ready for a black manager."  Defendant concurred that Simple was ready to be promoted to a store manager and admitted that its regional manager had offered Simple a store

manager's position on one or more occasions. Defendant stated it had a legitimate reason for not promoting Simple which was that Jonland was as qualified as Simple for the Pontiac store manager position, notwithstanding that Melissa Jonland had received a previous written disciplinary action by defendant for a racially insensitive remark to a co-employee and that Jonland had never worked in the Pontiac store while Simple had worked in the facility prior to the store manager's opening. The district court granted summary judgment in favor of the defendant finding that Turley's remark was not admissible as direct evidence of discrimination nor were the various statistical data compiled by defendant and presented by plaintiff admissible as direct evidence of discrimination since they were merely factual background and had no direct bearing on the case. The district court found that defendant Walgreen's had exhibited a legitimate non-discriminatory reason for failing to promote plaintiff and entered judgment in favor of defendant.

  5. <u>Result of prior court proceedings:</u>  Plaintiff is not aware of any prior court proceeding between the parties relating to this issue other than the filing of a Charge of Discrimination by plaintiff before the Equal Employment Opportunity Commission and the Illinois Department of Human Rights.

  6. <u>Issues to be presented on Appeal:</u>

   1. Did the trial court error in granting summary judgment against plaintiff on his claim of racial discrimination pursuant to 42 USC § 2000e et. seq. in failing to promote?

   2. Did the trial court error in granting summary judgment against plaintiff in his claim pursuant to 42 USC § 1981 in failing to promote?

7. <u>Timeliness of the filing Appeal before this court:</u>  This action is timely filed because the memorandum and order granting summary judgment was entered on October 24, 2006, and the judgment in a civil case entering judgment in favor of defendant Walgreen's and against plaintiff Simple was entered October 26, 2006.  Plaintiff has or will file his appeal on November 8, 2006, within 30 days of the order and judgment appealed from pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A).

8. <u>Jurisdiction for the action brought before this Circuit Court of Appeals:</u>  The jurisdiction of this Court is invoked by the plaintiff pursuant to one or more of the following references: 42 USC § 2000e et. seq.; 42 USC § 1981; 28 USC § 1291 and 28 USC § 1331.

9. <u>Oral Argument:</u> The plaintiff requests the opportunity to make oral argument on the appeal before the Circuit Court of Appeals.

Respectfully submitted this 8th day of <u>November, 2006</u>, by counsel for plaintiff.

        s/Nile J. Williamson
        NILE J. WILLIAMSON
        ATTORNEY AT LAW
        1926 ASSOCIATED BANK PLAZA
        PEORIA, IL 61602
        TEL: (309) 677-5950
        FAX: (309) 677-5952
        E-MAIL: nilew@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify on the 8th day of November, 2006, I electronically filed the foregoing Notice of Appeal to the United States Court of Appeals for the Seventh Circuit and Docketing Statement Pursuant to Circuit Rule 3(c)(1) with the Clerk of the U.S. District Court by using the CM/ECF system which will send notification of such filing to the following parties who are participants:

    L. Lee Smith
    Hinshaw & Culbertson
    456 Fulton St., Suite 298
    Peoria, IL 61602
    Tel: (309) 674-1025
    Fax: (309) 674-9328
    lsmith@hinshawlaw.com

    s/Nile J. Williamson
    NILE J. WILLIAMSON
    ATTORNEY AT LAW
    1926 ASSOCIATED BANK PLAZA
    PEORIA, IL 61602
    TEL: (309) 677-5950
    FAX: (309) 677-5952
    E-MAIL: nilew@aol.com