UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ERIC D. SIMPLE, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 04-1305 |
| WALGREEN CO., an Illinois Corporation, | ) |
| Defendant. | ) |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS**

COMES NOW, the defendant, WALGREEN CO., an Illinois Corporation, by and through its attorneys, HINSHAW & CULBERTSON LLP, for its Objection to Plaintiff's Bill of Costs (Doc. #74), states as follows:

1. The plaintiff seeks costs against the defendant, itemized as follows:

   a. Fees of the Clerk (Appellate Court)         $ 455.00

   b. Fees of the Court Reporter for all or any part of the transcript necessarily obtained for use in the case         $1,308.85

   c. Costs as shown on mandate of Court of Appeals         $ 216.59

                                    TOTAL:         $1,980.44

2. Specifically, the plaintiff seeks party and witness deposition costs for Melissa Jonland, Jessica Culbertson, Eric Simple, Leanne Turley and Michael Palmer (*see* Doc. #74, invoices from Knight Reporting Service dated July 20, 2006, in the amount of $395.80 and December 14, 2005, in the amount of $1,110.95).[1] The plaintiff, however, is not entitled to recover these deposition costs.

---

[1] Appellate Rule 39(e)(4) allows the plaintiff, in the court's discretion, to recover the $455.00 appellate filing fee. Appellate Rule 39(c) also allows the plaintiff to petition the court to recover his costs for

3. The principal reason why the plaintiff is not entitled to the $1,308.85 he seeks for deposition costs is that he is not a "prevailing party" in the district court.

4. A prevailing party is one who has been granted summary relief by the Court concerning a significant issue in the litigation, by either a judgment on the merits or a court ordered consent degree, *Buckhannon v. West Virginia Department of Health and Human Services*, 532 U.S. 598, 602 (2001). Under Rule 54(d)(1), a "prevailing party" shall be allowed his costs, unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1).

5. So far, no summary relief or judgment has been entered in favor of the plaintiff. A trial is going to occur in this case where the prevailing party will be, at least initially, determined. The only "success" obtained by the plaintiff thus far is the Seventh Circuit's reversal of the District Court's entry of summary judgment in favor of the defendant. However, under *Buckhannon* that does not make the plaintiff a prevailing party under Rule 54(d)(1). Hence, the plaintiff is not entitled to his deposition costs.

6. Moreover, the plaintiff may argue that he is entitled to deposition costs under Rule 39 of the Federal Rules of Appellate Procedure, which provides that if a judgment is reversed on appeal, "costs" may taxed against the appellee, unless the court orders otherwise. Fed. R. App. P. 39(a)(3).

7. Appellate Rule 39(e) lists four categories of costs which *may* be assessed by the district court for the benefit of the party entitled to costs under Appellate Rule 39(a): (1) preparation and transmission of the record, (2) a reporter's transcript, if needed to determine the appeal, (3) premiums paid for a supersedeas bond, and (4) filing fee for notice of appeal.

---

copies associated with the appeal. Indeed, appellate copy costs totaling $216.59 were awarded to the plaintiff as set forth in the Seventh Circuit's Mandate. (*See* Doc. #73).

8. Appellate Rule 39(e)(2) (reporter's transcript needed to determine the appeal) is the only other conceivable statutory source from which the plaintiff could argue he is entitled to deposition costs at this procedural stage in the proceedings. However, this provision does not apply because allowance of deposition costs would provide the plaintiff to something he otherwise would not be entitled to at this stage in the proceedings.

9. Parties to litigation are normally expected to advance their own costs (including depositions) until a "prevailing party" is determined at the end of the litigation. Appellate Rule 39 carves out a small exception that that general rule by allowing, in the court's discretion, certain *appellate costs* to one who obtains a reversal on appeal – in contrast to the full-blown litigation costs allowed by Fed. R. Civ. P. 54(d)(1).

10. Financial risk is an inherent part of litigation. Prudent parties and attorneys factor in litigation costs when deciding whether to initiate or take a case because they are certainly responsible for initially paying them, and may never recover them, either because they lose the case of for some other reason, such as insolvency of the opposing party. In short, the advancement of costs is a financial burden parties initiating litigation simply must bear in order to prosecute a case.

11. These depositions were taken as part of the normal discovery process. The plaintiff should not *now* be awarded deposition costs due to the mere fortuity that those depositions were referenced in a motion for summary judgment which was reversed on appeal. In other words, these depositions in this case would have been taken anyway, and there is no question that under normal circumstances at this procedural stage in the litigation, the plaintiff would be responsible for paying the court reporter for his deposition costs.

12. Finally, even if the court concludes that depositions are properly included under the definition of "reporter's transcript" under Appellate Rule 39(e)(2), the Court should exercise its broad discretion and deny the plaintiff's request because of its potential to create an anomalous situation. *See Republic Tobacco Company v. North Atlantic Trading Company, Inc.,* 481 F.3d 442 (7th Cir. 2007).

13. If the defendant becomes a prevailing party after trial and any appeal, the plaintiff will be responsible for paying the defendant for the costs of these same depositions. This would create confusion as well as duplicative and unnecessary work for the court and the parties.

WHEREFORE, for the above and foregoing reasons, the plaintiff is not entitled to his deposition costs. Accordingly, at least $1,308.85 of his Bill of Costs should be denied.

Respectfully submitted,

/s/ L. Lee Smith
L. Lee Smith
One of Defendant's Attorneys
HINSHAW & CULBETSON LLP
416 Main Street, Suite 600
Peoria, IL  61602
309-674-1025
309-674-9328 – Fax
lsmith@hinshawlaw.com

and

Andrew M. Ramage
HINSHAW & CULBERTSON LLP
400 S. Ninth Street, Suite 200
Springfield, IL  62701
217-528-7375
217-528-0075 – Fax
aramage@hinshawlaw.com

60170347v1 846495

## CERTIFICATE OF SERVICE

I hereby certify that on **February 5, 2008**, I electronically filed this **DEFENDANT'S OBJECTION TO PLAINTIFF'S BILL OF COSTS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nile J. Williamson
Attorney at Law
411 Hamilton Blvd., Suite 1926
Peoria, IL  61602

    /s/L. Lee Smith
Attorneys for Defendant
L. Lee Smith
HINSHAW & CULBERTSON LLP
416 Main Street, Suite 600
Peoria, IL  61602

60170347v1 846495