IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC D. SIMPLE, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 04-1305 |
| | ) |
| WALGREEN CO., an Illinois Corporation, | ) |
| | ) |
| DEFENDANT. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO BILL OF COSTS**

NOW COMES the plaintiff ERIC D. SIMPLE by his attorney NILE J. WILLIAMSON and responds to defendant's objection e-filed 2/5/08 as follows:

1. The Defendant's objection apparently concurs that the fees to the district clerk for filing the appeal ($455.00) and costs as shown on the mandate by the court of appeals ($216.59) are and should be assessed at this time.

2. That paragraph 11 of the objection improperly references and assumes that the deposition costs sought were because the depositions were used and referred to in the motion for summary judgment. This is not the basis for seeking the costs of these depositions. These specific deposition transcripts were referred to in both appellant's main and reply brief. As such, they are costs associated with the appellate process in the 7th Circuit Court of Appeals and would not have been necessary had not the appeal been taken.

3. The case of *Republic Tobacco Co. v. North Atlantic Trading Company, Inc.* 41 Fed.3d. 442 (7th Cir. 2007) does shed light on the courts discretion to allow fees for transcripts under appellate rule 39(e)(2n). The *Republic Tobacco Co.* opinion cited the 8th Circuit's decision in *Emmenegger v. Bull Moose Tube Co.* 324 Fed.3d 616, 626-27 (8th Cir. 2003) for the proposition that the defendant could be allowed the costs of a supersedeas bond concluding that

"defendant would not have had to pay for a supersedeas bond in the first instance but for the plaintiff's pursuit of their claims under the wrong legal theory." Id at 627. Here, plaintiff was required to cite the deposition transcripts in the appellate brief in order to obtain the ruling of the 7th Circuit Court of Appeals.

  WHEREFORE, Plaintiff prays that costs be assessed as filed and for such other orders as are proper.

              ERIC D. SIMPLE, Plaintiff,

              By: s/Nile J. Williamson  
              NILE J. WILLIAMSON  
              ATTORNEY AT LAW  
              1926 ASSOCIATED BANK PLAZA  
              PEORIA, ILLINOIS 61602-1104  
              TELEPHONE: (309) 677-5950  
              FAX: (309) 677-5952  
              E-MAIL: nilew@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2008, I electronically filed the foregoing Plaintiff's Response to Defendant's Objection to Bill of Costs with the Clerk of the U.S. District Court by using the CM/ECF system which will send notification of such filing to the following:

L. Lee Smith
Hinshaw & Culbertson
416 Main St., STE 600
Peoria, IL 61602
(309) 674-1025

                                              s/Nile J. Williamson
                                              NILE J. WILLIAMSON
                                              ATTORNEY AT LAW
                                              1926 ASSOCIATED BANK PLAZA
                                              TELEPHONE: (309) 677-5950
                                              FAX: (309) 677-5952
                                              E-MAIL: nilew@aol.com